MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ARTURO OSORNO, JOSE MANUEL
PASTRANA, FERNANDO PEREZ GARCIA,
and SAMUEL LOPEZ MONTALVO,
*individually and on behalf of others similarly*
*situated,*

                          *Plaintiffs*,

              -against-

AVANT GARDNER LLC. (d/b/a
BROOKLYN MIRAGE), AGDP HOLDING,
INC. (f.k.a. AVANT GARDNER MGMT, INC.
d/b/a BROOKLYN MIRAGE), A&N
STAFFING LLC (d/b/a A&N STAFFING),
BENJAMIN ROSHIA, ANTONIO
BARCENES, and STANISLAV CHIJIK,

                       *Defendants.*
--------------------------------------------------------X

**18-cv-1513**

**FIRST AMENDED COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Arturo Osorno, Jose Manuel Pastrana, Fernando Perez Garcia, and Samuel Lopez

Montalvo (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by

and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief,

and as against Avant Gardner LLC. (d/b/a Brooklyn Mirage), AGDP Holding, Inc. (f.k.a. Avant

Gardner Mgmt, Inc. d/b/a Brooklyn Mirage), A&N Staffing LLC (d/b/a A&N Staffing)

("Defendant Corporations"), Benjamin Roshia, Antonio Barcenes, and Stanislav Chijik

("Individual Defendants") (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants Avant Gardner LLC. (d/b/a Brooklyn Mirage), AGDP Holding, Inc. (f.k.a. Avant Gardner Mgmt, Inc. d/b/a Brooklyn Mirage), A&N Staffing LLC (d/b/a A&N Staffing), Benjamin Roshia, Antonio Barcenes, and Stanislav Chijik.

2.      Defendants own, operate, or control a nightclub, located at 140 Stewart Ave, Brooklyn, New York 11237 under the name "Brooklyn Mirage".

3.      Upon information and belief, individual Defendants Benjamin Roshia, Antonio Barcenes, and Stanislav Chijik, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Nightclub as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as porters and bar backs at the Nightclub located at 140 Stewart Ave, Brooklyn, New York 11237.

6.      Plaintiffs were ostensibly employed as porters and bar backs. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to cleaning the stage area, moving the couches, sweeping, taking out the trash, taking deliveries, arranging and stocking deliveries and inventory, cleaning the bar, cleaning the storage area, cleaning the dance floor, cleaning the coolers, cleaning the bar, taking liquors, coolers and computers to the warehouse location and preparing the furniture for the events (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hour's compensation for the hours that they worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

11.     Defendants employed and accounted for Plaintiffs as porters and bar backs in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

12.     Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

13.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

14.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as porters and bar backs instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the lower tip-credit rate (which they still failed to do).

15.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

16.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

17.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

18.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

21.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a nightclub located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

22.    Plaintiff Arturo Osorno ("Plaintiff Osorno" or "Mr. Osorno") is an adult individual residing in Kings County, New York. Plaintiff Osorno was employed by Defendants at Brooklyn Mirage from approximately December 23, 2017 until on or about January 13, 2018.

23.   Plaintiff Jose Manuel Pastrana ("Plaintiff Pastrana" or "Mr. Pastrana") is an adult individual residing in Bronx County, New York. Plaintiff Pastrana was employed by Defendants at Brooklyn Mirage from approximately January 5, 2018 until on or about January 20, 2018.

24.   Plaintiff Fernando Perez Garcia ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Queens County, New York. Plaintiff Perez was employed by Defendants at Brooklyn Mirage from approximately April 2017 until on or about November 2, 2017.

25.   Plaintiff Samuel Lopez Montalvo ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in New York County, New York. Plaintiff Lopez was employed by Defendants at Brooklyn Mirage from approximately August 2017 until on or about October 2017.

*Defendants*

26.   At all relevant times, Defendants own, operate, or control a nightclub, located at 140 Stewart Ave, Brooklyn, New York 11237 under the name "Brooklyn Mirage".

27.   Upon information and belief, Avant Gardner LLC. (d/b/a Brooklyn Mirage) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 140 Stewart Ave, Brooklyn, New York 11237.

28.   Upon information and belief, AGDP Holding, Inc. (f.k.a. Avant Gardner Mgmt, Inc. d/b/a Brooklyn Mirage) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 140 Stewart Ave, Brooklyn, New York 11237.

29.   Upon information and belief, A&N Staffing LLC (d/b/a A&N Staffing) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 140 Stewart Ave, Brooklyn, New York 11237 and it corporate headquarters and process address at 10829 65th Ave., Forest Hills, NY 11375-1419.

30.     Defendant Benjamin Roshia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Benjamin Roshia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Benjamin Roshia possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Antonio Barcenes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Antonio Barcenes is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Antonio Barcenes possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.     Defendant Stanislav Chijik is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Stanislav Chijik is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Stanislav Chijik possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

33.   Defendants operate a nightclub located in the East Williamsburg section of Brooklyn in New York City.

34.   Individual Defendants, Benjamin Roshia, Antonio Barcenes, and Stanislav Chijik, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

35.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.   Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

37.   Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

38.   In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

39.   Upon information and belief, Individual Defendants Benjamin Roshia, Antonio Barcenes, and Stanislav Chijik operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

40. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

41. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Nightclub on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

43. Plaintiffs are former employees of Defendants who ostensibly were employed as porters and bar backs. However, they spent over 20% of each shift performing the non-tipped duties described above.

44.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Osorno*

45.     Plaintiff Osorno was employed by Defendants from approximately December 23, 2017 until on or about January 13, 2018.

46.     Defendants ostensibly employed Plaintiff Osorno as a porter and a bar back.

47.     However, Plaintiff Osorno was also required to spend a significant portion of his work day performing the non-tipped duties described above.

48.     Although Plaintiff Osorno ostensibly was employed as a porter and a bar back, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

49.     Plaintiff Osorno regularly handled goods in interstate commerce, such as cleaning products and other supplies produced outside the State of New York.

50.     Plaintiff Osorno's work duties required neither discretion nor independent judgment.

51.     From approximately December 23, 2017 until on or about January 13, 2017, Plaintiff Osorno worked as a porter and a bar back from approximately 2:00 p.m. until on or about 5:00 a.m., for 4 night events a week (typically 40 hours per week).

52.     From approximately December 23, 2017 until on or about January 13, 2018, Defendants did not pay Plaintiff Osorno any wages for the hours he worked.

53.     Defendants never granted Plaintiff Osorno any breaks or meal periods of any kind.

54.     Plaintiff Osorno was never notified by Defendants that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Osorno's wages.

56.     Defendants illegally withheld all of the tips that customers paid Plaintiff Osorno.

57.     Plaintiff Osorno was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Osorno regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Osorno an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Osorno, in English and in Spanish (Plaintiff Osorno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Osorno to purchase "tools of the trade" with his own funds—including two black shirts and two pair of black pants.

*Plaintiff Jose Manuel Pastrana*

62.     Plaintiff Pastrana was employed by Defendants from approximately January 5, 2018 until on or about January 20, 2018.

63.     Defendants ostensibly employed Plaintiff Pastrana as a bar back.

64.     Plaintiff Pastrana regularly handled goods in interstate commerce, such as cleaning products and other supplies produced outside the State of New York.

65.     Plaintiff Pastrana's work duties required neither discretion nor independent judgment.

66.     Throughout his employment with Defendants, Plaintiff Pastrana regularly worked in excess of 40 hours per week.

67.     From approximately January 5, 2018 until on or about January 20, 2018, Plaintiff Pastrana worked as a bar back from approximately 10:00 a.m. until on or about 12:00 a.m., 4 days a week (typically 56 hours per week).

68.    From approximately January 5, 2018 until on or about January 20, 2018, Defendants did not pay Plaintiff Pastrana any wages for the hours he worked.

69.    Plaintiff Pastrana's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

70.    For example, Defendants required Plaintiff Pastrana to work an additional 10 hours past his scheduled departure time in two occasions, and did not pay him for the additional time he worked.

71.    Defendants never granted Plaintiff Pastrana any breaks or meal periods of any kind.

72.    Plaintiff Pastrana was never notified by Defendants that his tips were being included as an offset for wages.

73.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pastrana's wages.

74.    Defendants withheld all of the tips that customers paid Plaintiff Pastrana.

75.    Plaintiff Pastrana was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

76.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pastrana regarding overtime and wages under the FLSA and NYLL.

77.    Defendants did not provide Plaintiff Pastrana an accurate statement of wages, as required by NYLL 195(3).

78.    Defendants did not give any notice to Plaintiff Pastrana, in English and in Spanish (Plaintiff Pastrana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

79.    Defendants required Plaintiff Pastrana to purchase "tools of the trade" with his own funds—including a pair of pants and a shirt.

*Plaintiff Fernando Perez Garcia*

80.    Plaintiff Perez was employed by Defendants from approximately April 2017 until on or about November 2, 2017.

81.    Defendants ostensibly employed Plaintiff Perez as a bar back.

82.    However, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

83.    Although Plaintiff Perez ostensibly was employed as a bar back, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

84.    Plaintiff Perez regularly handled goods in interstate commerce, such as Nightclub and other supplies produced outside the State of New York.

85.    Plaintiff Perez's work duties required neither discretion nor independent judgment.

86.    From approximately April 2017 until on or about November 2017, Plaintiff Perez worked as a bar back from approximately 12:00 p.m. until on or about 10:00 p.m., 4 days a week(typically 40 hours per week).

87.    Throughout his employment, Defendants paid Plaintiff Perez his wages in cash.

88.    From approximately April 2017 until on or about October 2017, Defendants paid Plaintiff Perez a fixed salary of $750 per week.

89.    From approximately October 2017 until on or about November 2, 2017, Plaintiff Perez worked approximately 174 hours and he did not receive any compensation or tips for his hours worked.

90.    Defendants never granted Plaintiff Perez any breaks or meal periods of any kind.

91.    Plaintiff Perez was never notified by Defendants that his tips were being included as an offset for wages.

92.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

93.    Defendants illegally withheld all of the tips that customers paid Plaintiff Perez.

94.    Plaintiff Perez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

95.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

96.    Defendants did not provide Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

97.    Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

98.    Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including a pair of gloves, a belt for carrying tools, batteries and 7 flashlights.

*Plaintiff Samuel Lopez Montalvo*

99.    Plaintiff Lopez was employed by Defendants from approximately August 2017 until on or about October 2017.

100.  Defendants employed Plaintiff Lopez as a bar back.

101.  However, Plaintiff Lopez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

102.  Although Plaintiff Lopez was employed as a bar back, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

103.  Plaintiff Lopez regularly handled goods in interstate commerce, such as cleaning products and other supplies produced outside the State of New York.

104.  Plaintiff Lopez's work duties required neither discretion nor independent judgment.

105.  Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

106.   From approximately August 2017 until on or about October 2017, Plaintiff Lopez worked as a bar back from approximately 12:00 p.m., until on or about 12:00 a.m., Mondays through Wednesdays and from approximately 8:00 p.m. until on or about 5:00 a.m., Thursdays, Fridays and Saturdays (typically 63 hours per week).

107.   From approximately August 2017 until on or about September 2017, Defendants paid Plaintiff Lopez his wages in cash.

108.   From approximately August 2017 until on or about September 2017, Defendants paid Plaintiff Lopez a fixed salary of $999 per week.

109.   From approximately September 2017 until on or about October 2017, Defendants did not pay Plaintiff Lopez any compensation or tips for his work.

110.   Defendants never granted Plaintiff Lopez any breaks or meal periods of any kind.

111.   Plaintiff Lopez was never notified by Defendants that his tips were being included as an offset for wages.

112.   Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Lopez's wages.

113.   Defendants illegally withheld all of the tips that customers paid Plaintiff Lopez.

114.   Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

115.   No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

116.   Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

117.   Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

118.     Defendants required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including three pair of pants.

*Defendants' General Employment Practices*

119.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

120.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

121.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

122.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

123.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

124.     Defendants required Plaintiffs and all porters and bar backs to perform general non-tipped tasks in addition to their primary duties as porters and bar backs. These Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

125.     Plaintiffs and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

126.    However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

127.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

128.    The porters and bar backs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general Nightclub work with duties, including the non-tipped duties described above.

129.    In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

130.    Defendants failed to inform Plaintiffs that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

131.    Defendants failed to inform Plaintiffs that their tips were being credited towards the payment of the minimum wage.

132.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as porters and bar backs for the tips they received.

133.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving porters and bar backs of their tips earned during the course of employment.

134.   Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

135.   Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

136.   Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

137.   Plaintiffs were paid their wages in cash.

138.   Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

139.   Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

140.   Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

141.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

142.   Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

143.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

144.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

145.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

146.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

147.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

149.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

150.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

151.  Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

152.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

153.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    At all times relevant to this action, Defendants were Plaintiff s' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

156.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

157.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

158.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## **THIRD CAUSE OF ACTION**

### **VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

159.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

160.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

161.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

162.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

163.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## **FOURTH CAUSE OF ACTION**

### **VIOLATION OF THE OVERTIME PROVISIONS**

### **OF THE NEW YORK STATE LABOR LAW**

164.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at

rates of one and one-half times the regular rate of pay for each hour worked in excess of forty

hours in a work week.

166.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the

meaning of N.Y. Lab. Law § 663.

167.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

168.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum

wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in

violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

170.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs'

spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

171.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

172.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

173.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish

(Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

174.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

175.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

177.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

178.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

179.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

180.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

181.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

182.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

183.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

184.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

185.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

186.    Plaintiffs were damaged in an amount to be determined at trial.

### TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

187.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

188.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

189.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 20, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*