FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ARTURO OSORNO, *et al.*,

        Plaintiffs,

    - against -

AVANT GARDNER LLC, *et al.*,

        Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

1:18-CV-01513 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

On March 12, 2018, the plaintiffs commenced this Fair Labor Standards Act action on March 12, 2018. (ECF No. 1.) On August 28, 2019, the plaintiffs moved for settlement approval "after extensive settlement discussions." (ECF No. 65.) I referred the motion to United States Magistrate Judge Lois Bloom.

On September 27, 2019, Judge Bloom held a telephone conference pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). That same day, Judge Bloom issued a Report and Recommendation in which she recommended that I deny the motion for settlement approval. According to Judge Bloom, "[t]he agreement contains several terms that are not fair and reasonable under *Cheeks*, including provisions that conflict with FLSA's remedial purposes in paragraphs 4 and 6 and an overly broad release. In addition, the agreement confers jurisdiction to enforce the agreement on the wrong district court." (Report and Recommendation Sep. 27, 2019.) Neither side has objected to Judge Bloom's recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d

606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The Court has reviewed Judge Bloom's thorough and well-reasoned opinion, and finds no clear error. Accordingly, I adopt the Report and Recommendation in its entirety. By October 28, 2019, the parties must file a motion for settlement approval with a revised settlement agreement that cures the defects identified by Judge Bloom. The motion also must address Judge Bloom's concerns regarding the calculation of damages, the omission of the defendants who have not answered, translation of the agreement for the plaintiffs, and documentation of the plaintiffs' costs.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
October 15, 2019