# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020                                    Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620
—————
gnaydenskiy@faillacelaw.com

November 12, 2019

**BY ECF**
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> Re:  **Osorno v. Avant Gardner LLC, et al.**
> *Case No. 18-CV-1513 (AMD) (LB)*

Your Honor:

I am an attorney with Michael Faillace & Associates, P.C., attorneys for Plaintiffs in the above-referenced matter. In accordance with Your Honor's September 27, 2019 Order, attached as Exhibit A is the parties revised settlement agreement[1].

We thank you for your attention to this matter.

Respectfully Submitted,

/s/ *Gennadiy Naydenskiy*
Gennadiy Naydenskiy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

---

[1] We are still in the process of retrieving invoices from the process servers. We anticipate to ecf file the receipts by November 13, 2019.

*Certified as a minority-owned business in the State of New York*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARTURO OSORNO, JOSE MANUEL
PASTRANA, FERNANDO PEREZ GARCIA,
and SAMUEL LOPEZ MONTALVO,
*individually and on behalf of others similarly
situated,*

        Plaintiffs,

    -against-

AVANT GARDNER LLC. (D/B/A
BROOKLYN MIRAGE), AGDP HOLDING,
INC. (F.K.A AVANT GARDNER MGMT, INC.
d/b/a BROOKLYN MIRAGE), A&N STAFFING
LLC (d/b/a A&N STAFFING), BENJAMIN
ROSHIA, ANTONIO BARCENES and
STANISLAV CHIJIK,

       *Defendants.*

**18-cv-1513-AMD-LB**

**SETTLEMENT AGREEMENT
AND
RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Arturo Osorno, Jose Manuel Pastrana, Fernando Perez Garcia, and, Samuel Lopez Montalvo ("Plaintiffs") on the one hand, Avant Gardner LLC (d/b/a Brooklyn Mirage"). and AGDP Holding, Inc. formerly known as Avant Gardner Mgmt. Inc. and together with Avant Gardner LLC, (collectively known as "Avant Gardner" or "Defendant Corporation"), Benjamin Roshia, and Stanislav Chijik ("Individual Defendants") and together with Avant Gardner, collectively the "Defendants", on the other hand.

      WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-cv-1513 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment:** Defendant Avant Gardner shall pay on behalf of all Defendants or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Twenty-Two Thousand Dollars and No Cents (**$22,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, payable as follow:

| | |
|---|---|
| Arturo Osorno | $1,332.50 |
| Jose Manuel Pastrana | $ 1,654.26 |
| Fernando Perez Garcia | $ 1,550.88 |
| Samuel Lopez Montalvo | $10,916.54 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $6,545.84 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. The Taxpayer Identification Number for Michael Faillace and Associates, P.C. is 20-1211098.

(c) Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

2. **Release and Covenant Not To Sue:** Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, A&N STAFFING LLC (d/b/a A&N STAFFING), Antonio Barcenes, Juergen Bildstein and Philipp Wiederkehr (collectively the "Releasees"), and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, or may have had claims or claimed to have had against Releasees from the beginning of time to the Effective Date of this Agreement relating to their employment with Releasees and specifically to the claims in the Litigation including but not limited to the Fair Labor Standards

Act 29 U.S.C. § 201, et. seq.,, New York State Labor Law §§ 191, 193, 196-d, 198-b, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs, New York City Labor Law, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever that have occurred as of the Effective Date of this Agreement.

3. **Full Settlement and Release.** Plaintiffs represent and acknowledge that the amounts set forth in paragraph 1 above represent fair consideration for the Plaintiffs' releases and other obligations under this Agreement, and Plaintiffs specifically acknowledge that upon receipt of the sums set forth in paragraph 1 hereof, Plaintiffs are not entitled to any additional payment for wages or other compensation from Defendants.

4. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. **No Future Employment**: It is agreed that the employee-employer relationship between Plaintiffs and Defendants ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs, or any of them have or may have had against Defendants. It is further understood should Plaintiffs, or any of them, again apply to work for Defendants, in any capacity, Defendants, based on this clause, may deny such Plaintiffs employment for any position such Plaintiffs seeks, and that Plaintiffs will not assert that such denial is a violation of any federal, state or municipal statute and/or common law right or is retaliatory in any way. Accordingly, it is agreed that none of the Plaintiffs will knowingly seek employment with Defendants after the execution of this Agreement.

6. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. **Acknowledgment**: It is further understood and agreed that the sum of $22,000.00 and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiffs hereby represent and warrant that they entered into this Agreement of their own free will and accord, and in accordance with their own judgment. Plaintiffs further acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiffs, after consultation with their attorney, Michael Faillace, Esq. of Michael Faillace & Associates P.C., hereby state that they and their counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiffs specifically acknowledge that the parties jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

Plaintiffs further confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily. YO RECONOZCO QUE ESTE CONTRATO HA SIDO TRADUCIDO EN ESPANOL, MI PRIMER LENGUAJE

8.    **Notices**: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Mark E. Spund
Davidoff Hutcher & Citron LLP
200 Garden City Plaza, Suite 315
Garden City, NY 11530
Tel: 516-248-6400
Fax: 516-248-6422
Email: mes@dmlegal.com

9.    **Governing Law and Venue**:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Agreement.

10.    **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable..

11.    **Counterparts:**        To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____          Date: _____
    ARTURO OSORNO
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____          Date: _____
    JOSE MANUEL PASTRANA
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____          Date: _____
    FERNANDO PEREZ GARCIA

STATE OF NEW YORK    )
                   )SS.:
COUNTY OF          )

On ____, 2019 before me personally came to me Fernando Perez Garcia known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

By: _____          Date: _____
    SAMUEL LOPEZ MONTALVO

STATE OF NEW YORK    )
                   )SS.:
COUNTY OF          )

On ____, 2019 before me personally came to me Samuel Lopez Montalvo known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and

General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

**DEFENDANTS:**

By: _____          Date: 1/5/19
AVANT GARDNER LLC.

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

On 1/15 , 2019 before me personally came to me _____ known and known to
me to be the individual described in, and who executed the foregoing Settlement Agreement and
General Release, on behalf of AVANT GARDNER LLC and duly acknowledged to me that he
executed the same.

_____
Notary Public

By: _____          Date: 1/5/19
AGDP HOLDING INC..

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

On _____, 2019 before me personally came to me _____ known and known to
me to be the individual described in, and who executed the foregoing Settlement Agreement and
General Release, on behalf of AGDP HOLDING, INC. and duly acknowledged to me that he
executed the same.

_____
Notary Public
**LOTFI CHORTANI**
Notary Public State of New York
No. 01CH6394646
Qualified In Queens County
My Comm. Expires July 8, 2023

Date: _____

By: _____
BENJAMIN ROSHIA

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

655854v.1

On ____, 2019 before me personally came to me Benjamin Roshia known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

LOTFI CHORTANI
Notary Public - State of New York
No. 01CH6394646
Qualified in Queens County
My Comm. Expires July 8, 2023

Date: 12/24/19

By: _____
STANISLAV CHIJIK

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On ____, 2019 before me personally came to me Stanislav Chuik known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

LOTFI CHORTANI
Notary Public - State of New York
No. 01CH6394646
Qualified in Queens County
My Comm. Expires July 8, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTURO OSORNO, JOSE MANUEL PASTRANA, FERNANDO PEREZ GARCIA, and SAMUEL LOPEZ MONTALVO, *individually and on behalf of others similarly situated,*<br><br>     Plaintiffs,<br><br>   -against-<br><br>AVANT GARDNER LLC. (D/B/A BROOKLYN MIRAGE), AGDP HOLDING, INC. (F.K.A AVANT GARDNER MGMT, INC. d/b/a BROOKLYN MIRAGE), A&N STAFFING LLC (d/b/a A&N STAFFING), BENJAMIN ROSHIA, ANTONIO BARCENES and STANISLAV CHIJIK,<br><br>     *Defendants.* | 18-cv-1513-AMD-LB<br><br>SETTLEMENT AGREEMENT<br>AND<br>RELEASE |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Arturo Osorno, Jose Manuel Pastrana, Fernando Perez Garcia, and, Samuel Lopez Montalvo ("Plaintiffs") on the one hand, Avant Gardner LLC (d/b/a Brooklyn Mirage"). and AGDP Holding, Inc. formerly known as Avant Gardner Mgmt. Inc. and together with Avant Gardner LLC, (collectively known as "Avant Gardner" or "Defendant Corporation"), Benjamin Roshia, and Stanislav Chijik ("Individual Defendants") and together with Avant Gardner, collectively the "Defendants", on the other hand.

  WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

  WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-cv-1513 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment:** Defendant Avant Gardner shall pay on behalf of all Defendants or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Twenty-Two Thousand Dollars and No Cents ($22,000.00) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, payable as follow:

| Arturo Osorno | $1,332.50 |
| Jose Manuel Pastrana | $ 1,654.26 |
| Fernando Perez Garcia | $ 1,550.88 |
| Samuel Lopez Montalvo | $10,916.54 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $6,545.84 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. The Taxpayer Identification Number for Michael Faillace and Associates, P.C. is 20-1211098.

(c) Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

2. **Release and Covenant Not To Sue:** Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, A&N STAFFING LLC (d/b/a A&N STAFFING), Antonio Barcenes, Juergen Bildstein and Philipp Wiederkehr (collectively the "Releasees"), and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, or may have had claims or claimed to have had against Releasees from the beginning of time to the Effective Date of this Agreement relating to their employment with Releasees and specifically to the claims in the Litigation including but not limited to the Fair Labor Standards

Act 29 U.S.C. § 201, et. seq.,, New York State Labor Law §§ 191, 193, 196-d, 198-b, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs, New York City Labor Law, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever that have occurred as of the Effective Date of this Agreement.

3. **Full Settlement and Release.** Plaintiffs represent and acknowledge that the amounts set forth in paragraph 1 above represent fair consideration for the Plaintiffs' releases and other obligations under this Agreement, and Plaintiffs specifically acknowledge that upon receipt of the sums set forth in paragraph 1 hereof, Plaintiffs are not entitled to any additional payment for wages or other compensation from Defendants.

4. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. **No Future Employment:** It is agreed that the employee-employer relationship between Plaintiffs and Defendants ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs, or any of them have or may have had against Defendants. It is further understood should Plaintiffs, or any of them, again apply to work for Defendants, in any capacity, Defendants, based on this clause, may deny such Plaintiffs employment for any position such Plaintiffs seeks, and that Plaintiffs will not assert that such denial is a violation of any federal, state or municipal statute and/or common law right or is retaliatory in any way. Accordingly, it is agreed that none of the Plaintiffs will knowingly seek employment with Defendants after the execution of this Agreement.

6. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. **Acknowledgment:** It is further understood and agreed that the sum of $22,000.00 and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiffs hereby represent and warrant that they entered into this Agreement of their own free will and accord, and in accordance with their own judgment. Plaintiffs further acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiffs, after consultation with their attorney, Michael Faillace, Esq. of Michael Faillace & Associates P.C., hereby state that they and their counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiffs specifically acknowledge that the parties jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

Plaintiffs further confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily. YO RECONOZCO QUE ESTE CONTRATO HA SIDO TRADUCIDO EN ESPANOL, MI PRIMER LENGUAJE

8. **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Mark E. Spund
Davidoff Hutcher & Citron LLP
200 Garden City Plaza, Suite 315
Garden City, NY 11530
Tel: 516-248-6400
Fax: 516-248-6422
Email: mes@dmlegal.com

9. **Governing Law and Venue:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Agreement.

10. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable..

11. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____     Date: _____
    ARTURO OSORNO
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _Jose Manuel Pastrana_____     Date: _Nov 6, 2019_____
    JOSE MANUEL PASTRANA
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _~Fernando Perez Garcia~_____     Date: _11 / 1 / 19_____
    FERNANDO PEREZ GARCIA

STATE OF NEW YORK    )
                       )SS.:
COUNTY OF            )

On ____, 2019 before me personally came to me Fernando Perez Garcia known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified In New York County
My Commission Expires January 03, 202~1~

_____
Notary Public


By: _~signature~_____     Date: _10 / 30 / 19_____
    SAMUEL LOPEZ MONTALVO

STATE OF NEW YORK    )
                       )SS.:
COUNTY OF            )

On 10 39 2019 before me personally came to me Samuel Lopez Montalvo known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and

General Release, and duly acknowledged to me that he executed the same.

**YOLANDA RIVERO**
**NOTARY PUBLIC STATE OF NEW YORK**
**NO. 02RI6061584**
**QUALIFIED IN QUEENS COUNTY**
**COMMISSION EXPIRES JULY 16, 20___**

_____
Notary Public

DEFENDANTS:

By: _____          Date: _____

    AVANT GARDNER LLC.

STATE OF NEW YORK   )
                  )SS.:
COUNTY OF          )

On _____, 2019 before me personally came to me _____ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, on behalf of AVANT GARDNER LLC and duly acknowledged to me that he executed the same.

_____

Notary Public

By: _____          Date: _____

    AGDP HOLDING INC..

STATE OF NEW YORK   )
                  )SS.:
COUNTY OF          )

On _____, 2019 before me personally came to me _____ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, on behalf of AGDP HOLDING, INC.and duly acknowledged to me that he executed the same.

_____

Notary Public

By: _____          Date: _____

    BENJAMIN ROSHIA

STATE OF NEW YORK   )
                  )SS.:
COUNTY OF          )

On _____, 2019 before me personally came to me Benjamin Roshia known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

By: _____
    STANISLAV CHIJIK

Date: _____

STATE OF NEW YORK    )
                          )SS.:
COUNTY OF             )

On _____, 2019 before me personally came to me Stanislav Chuik known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

**Signature:** _____
      Manuel pastrana guillen (Nov 6, 2019)
**Email:** pastranamanuel426@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARTURO OSORNO, JOSE MANUEL
PASTRANA, FERNANDO PEREZ GARCIA,
and SAMUEL LOPEZ MONTALVO,
*individually and on behalf of others similarly
situated,*

Plaintiffs,

-against-

AVANT GARDNER LLC. (D/B/A
BROOKLYN MIRAGE), AGDP HOLDING,
INC. (F.K.A AVANT GARDNER MGMT, INC.
d/b/a BROOKLYN MIRAGE), A&N STAFFING
LLC (d/b/a A&N STAFFING), BENJAMIN
ROSHIA, ANTONIO BARCENES and
STANISLAV CHIJIK,

*Defendants.*

18-cv-1513-AMD-LB

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Arturo Osorno, Jose Manuel Pastrana, Fernando Perez Garcia, and, Samuel Lopez Montalvo ("Plaintiffs") on the one hand, Avant Gardner LLC (d/b/a Brooklyn Mirage"). and AGDP Holding, Inc. formerly known as Avant Gardner Mgmt. Inc. and together with Avant Gardner LLC, (collectively known as "Avant Gardner" or "Defendant Corporation"), Benjamin Roshia, and Stanislav Chijik ("Individual Defendants") and together with Avant Gardner, collectively the "Defendants", on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-cv-1513 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  **Payment:** Defendant Avant Gardner shall pay on behalf of all Defendants or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Twenty-Two Thousand Dollars and No Cents ($22,000.00) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, payable as follow:

| Arturo Osorno | $1,332.50 |
|---|---|
| Jose Manuel Pastrana | $ 1,654.26 |
| Fernando Perez Garcia | $ 1,550.88 |
| Samuel Lopez Montalvo | $10,916.54 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $6,545.84 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. The Taxpayer Identification Number for Michael Faillace and Associates, P.C. is 20-1211098.

(c) Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

2.  **Release and Covenant Not To Sue:** Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, A&N STAFFING LLC (d/b/a A&N STAFFING), Antonio Barcenes, Juergen Bildstein and Philipp Wiederkehr (collectively the "Releasees"), and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, or may have had claims or claimed to have had against Releasees from the beginning of time to the Effective Date of this Agreement relating to their employment with Releasees and specifically to the claims in the Litigation including but not limited to the Fair Labor Standards

Act 29 U.S.C. § 201, et. seq.,, New York State Labor Law §§ 191, 193, 196-d, 198-b, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs, New York City Labor Law, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever that have occurred as of the Effective Date of this Agreement.

3. **Full Settlement and Release.** Plaintiffs represent and acknowledge that the amounts set forth in paragraph 1 above represent fair consideration for the Plaintiffs' releases and other obligations under this Agreement, and Plaintiffs specifically acknowledge that upon receipt of the sums set forth in paragraph 1 hereof, Plaintiffs are not entitled to any additional payment for wages or other compensation from Defendants.

4. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. **No Future Employment:** It is agreed that the employee-employer relationship between Plaintiffs and Defendants ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs, or any of them have or may have had against Defendants. It is further understood should Plaintiffs, or any of them, again apply to work for Defendants, in any capacity, Defendants, based on this clause, may deny such Plaintiffs employment for any position such Plaintiffs seeks, and that Plaintiffs will not assert that such denial is a violation of any federal, state or municipal statute and/or common law right or is retaliatory in any way. Accordingly, it is agreed that none of the Plaintiffs will knowingly seek employment with Defendants after the execution of this Agreement.

6. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. **Acknowledgment:** It is further understood and agreed that the sum of $22,000.00 and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiffs hereby represent and warrant that they entered into this Agreement of their own free will and accord, and in accordance with their own judgment. Plaintiffs further acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiffs, after consultation with their attorney, Michael Faillace, Esq. of Michael Faillace & Associates P.C., hereby state that they and their counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiffs specifically acknowledge that the parties jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

Plaintiffs further confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily. YO RECONOZCO QUE ESTE CONTRATO HA SIDO TRADUCIDO EN ESPANOL, MI PRIMER LENGUAJE

8.     **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Mark E. Spund
Davidoff Hutcher & Citron LLP
200 Garden City Plaza, Suite 315
Garden City, NY 11530
Tel: 516-248-6400
Fax: 516-248-6422
Email: mes@dmlegal.com

9.     **Governing Law and Venue:**   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Agreement.

10.     **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable..

11.     **Counterparts:**       To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>PLAINTIFFS:</u>

By: <u>ARTURO OSORNO</u>          Date: <u>Nov 5, 2019</u>
     <u>ARTURO OSORNO</u>
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____        Date: _____
     JOSE MANUEL PASTRANA
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: <u>Fernando Perez G</u>        Date: 11/1/19
     FERNANDO PEREZ GARCIA

STATE OF NEW YORK    )
                   )SS.:
COUNTY OF            )

On ____, 2019 before me personally came to me Fernando Perez Garcia known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

          NOTARY PUBLIC-STATE OF NEW YORK
               No. 02FA6120964
           Qualified in New York County
    My Commission Expires January 03, 2021   _____
                                 Notary Public

By: _____        Date: 10/30/19
     SAMUEL LOPEZ MONTALVO

STATE OF NEW YORK    )
                   )SS.:
COUNTY OF            )

On 10/30 2019 before me personally came to me Samuel Lopez Montalvo known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and

General Release, and duly acknowledged to me that he executed the same.

YOLANDA RIVERO
NOTARY PUBLIC STATE OF NEW YORK
NO. 02RI6061584
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 16, 20 23

_____
Notary Public

DEFENDANTS:

By: _____          Date: _____
    AVANT GARDNER LLC.

STATE OF NEW YORK    )
                      )SS.:
COUNTY OF           )

On _____, 2019 before me personally came to me _____ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, on behalf of AVANT GARDNER LLC and duly acknowledged to me that he executed the same.

_____

Notary Public

By: _____          Date: _____
    AGDP HOLDING INC..

STATE OF NEW YORK    )
                      )SS.:
COUNTY OF           )

On _____, 2019 before me personally came to me _____ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, on behalf of AGDP HOLDING, INC.and duly acknowledged to me that he executed the same.

_____
Notary Public

By: _____          Date: _____
    BENJAMIN ROSHIA

STATE OF NEW YORK    )
                      )SS.:
COUNTY OF           )

On _____, 2019 before me personally came to me Benjamin Roshia known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

By: _____          Date: _____
    STANISLAV CHIJIK

STATE OF NEW YORK    )
                       )SS.:
COUNTY OF            )

On _____, 2019 before me personally came to me Stanislav Chuik known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Signature: _____
        ARTURO OSORNO (Nov 5, 2019)
   Email:  ajosorno218@gmail.com