UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ARTURO OSORNO, JOSE MANUEL
PASTRANA, FERNANDO PEREZ GARCIA, and
SAMUEL LOPEZ MONTALVO,

                Plaintiffs,[1]

- against -

AVANT GARDNER LLC (d/b/a BROOKLYN
MIRAGE), AGDP HOLDING, INC. (f.k.a. AVANT
GARDNER MGMT, INC. d/b/a BROOKLYN
MIRAGE), A&N STAFFING LLC (d/b/a A&N
STAFFING), BENJAMIN ROSHIA, ANTONIO
BARCENES, and STANISLAV CHIJIK,

                Defendants.[2]
---------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**18 CV 1513 (AMD)(LB)**

**BLOOM, United States Magistrate Judge:**

      The Honorable Ann M. Donnelly adopted my Report and Recommendation (R&R) and directed the parties to cure the defects identified by the R&R. ECF No. 69. On November 12, 2019, the parties filed their revised settlement agreement, ECF No. 72 ("Revised Agreement"), and subsequently provided documentation of their costs, ECF No. 73. I have reviewed the original motion, ECF No. 65 ("Original Agreement"), the Revised Agreement, and the bills provided, ECF No. 73. I respectfully recommend that the revised settlement agreement should be approved as modified herein.[3]

---

[1] Although plaintiffs purportedly brought the action on behalf of others similarly situated, the case was never certified as a collective action.

[2] Plaintiffs' original complaint also named as defendants Philipp Wiederkehr and Juergen Bildstein, but they were omitted from the Amended Complaint, ECF No. 16, and then terminated from the case. Complaint, ECF No. 1; Electronic Order 9/24/2018.

[3] See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."); see also Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (listing factors a Court should consider to determine whether a proposed settlement is fair and reasonable).

1

The Revised Agreement largely cures the defects that I identified on the record and in my R&R on September 27, 2019. I am satisfied that the revised recovery amounts, which increase plaintiff Osorno's recovery from $735.68 to $1,332.50, represent a reasonable resolution of the parties' bona fide dispute over the number of hours plaintiffs worked, as discussed on the record.[4] Compare Revised Agreement ¶ 1, with Original Agreement ¶ 1.[5] The Revised Agreement omits the overly broad release language[6] and the non-cooperation and non-disparagement clauses that I had previously identified as problematic. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177-181 (S.D.N.Y. 2015). The Revised Agreement confers enforcement jurisdiction on the correct district court, includes a release of the defaulting defendants,[7] and acknowledges that the agreement was translated for plaintiffs. Revised Agreement ¶¶ 9, 2, 7.

I recommend one modification to the parties' Revised Agreement. I recommend that the Court strike the last line of the "No Future Employment" clause, Revised Agreement ¶ 5 ("Accordingly, it is agreed that none of the Plaintiffs will knowingly seek employment with Defendants after the execution of this agreement.").[8] See Payano v. 1652 Popham Assocs., No.

---

[4] Ceesae v. TT's Car Wash Corp., No. 17-CV-291 (ARR)(LB), 2018 WL 741396, at *3 (E.D.N.Y. Feb. 7, 2018) ("[A] plaintiff may waive his right to damages when there is a genuine dispute as to liability relating to the hours worked or the amount of compensation due—provided the court or the Department of Labor approves the settlement.") (citing Cheeks, 796 F.3d at 203-06).

[5] Of the total settlement amount, Arturo Osorno shall recover $1,332.50; Jose Manuel Pastrana shall recover $1,654.26; Fernando Perez Garcia shall recover $1,550.88; and Samuel Lopez Montalvo shall recover $10,916.54. Revised Agreement ¶ 1. Defendant Avant Gardner shall cause these amounts to be paid within thirty (30) days of approval of the Revised Agreement. Id.

[6] The current release provision is sufficiently tailored to plaintiffs' wage-and-hour claims and is fair and reasonable. See Revised Agreement ¶ 2; cf. Yunda v. SAFI-G, Inc., No. 15 Civ. 8861 (HBP), 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (collecting cases approving settlements with releases limited to wage-and-hour claims); see also Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citations omitted).

[7] The terminated defendants (Philipp Wiederkehr and Juergen Bildstein) and the defaulting defendants (A&N Staffing LLC and Antonio Barcenes) are designated as Releasees. Revised Agreement ¶ 2.

[8] Pursuant to the Revised Agreement's severability clause, the Court may strike a provision and otherwise approve the Agreement. See Revised Agreement ¶ 10; cf. Cruz v. Relay Delivery Inc., Nos. 17 Civ. 7475 and 18 Civ. 3052 (JLC), 2018 WL 4203720, at *2 n.2 (S.D.N.Y. Sept. 4, 2018) (citing Chung v. Brooke's Homecare LLC, No. 17 Civ. 2534 (AJN), 2018 WL 2186413, at *2 (S.D.N.Y. May 11, 2018)).

17 Civ. 9983 (HBP), 2019 WL 464231, at *3 (S.D.N.Y. Feb. 6, 2019) ("It is well established that clauses barring re-employment conflict with the FLSA's 'primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees.'") (collecting cases).

Plaintiffs' counsel now seeks to recover $6,545.84, inclusive of both attorneys' fees and costs, which is reduced from the original sum sought, $7,142.64.  Compare Revised Agreement ¶ 1, with Original Agreement ¶ 1.  I recommend that the Court credit the costs incurred of the $400 filing fee and $648 in process server fees.  See ECF No. 1 (Receipt No. 0207-10267227); ECF No. 73 (providing documentation of incurring $648 in process server fees).[9]  Accordingly, plaintiffs' counsel would then recover $5,497.84 in fees, which is equivalent to a quarter of the total settlement amount.  Upon reviewing the records of the hours expended by plaintiffs' counsel, ECF No. 65 at 40-42, and given my familiarity with the parties' negotiations, I find a fee amount of $5,497.84 to be reasonable.  See Wolinsky, 900 F. Supp. 2d at 336-37; see also Payano, 2019 WL 464231, at *5 ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.") (collecting cases).  In sum, I recommend that plaintiffs' counsel should recover the requested amount of $6,545.84, inclusive of $1,048 in costs and $5,497.84 in fees.

In conclusion, I respectfully recommend that the Revised Agreement should be approved as fair and reasonable after striking the aforementioned sentence from paragraph five (5) of the parties' Revised Agreement.

---

[9] Plaintiff's counsel erroneously calculated a total of $698 in process server fees. See ECF No. 73 at 1. Although there are four (4) highlighted line items in October 2018, plaintiffs incurred *zero* charges in the fourth line item.  ECF No. 73 at 7.  Plaintiffs' counsel is admonished to take greater care when submitting calculations to the Court.

Plaintiffs' counsel shall mail a copy of this R&R to defendants Antonio Barcenes and A&N Staffing LLC at their last known addresses forthwith and shall file proof of service on the docket by December 4, 2019.

### FILING OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 27, 2019
       Brooklyn, New York

4